# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON

## STATE OF TENNESSEE v. DAVID L. OWENS

**Appeal from the Criminal Court for Shelby County**
**No. 96-04584      Joseph B. Dailey, Judge**

---

**No. W1997-00237-SC-R11-CD - Decided June 20, 2000**

## FOR PUBLICATION

---

David L. Owens, the defendant, entered a Dollar General Store, grabbed an article of clothing, and left without making payment. Owens was chased for several blocks by two store employees. When one employee closed in, Owens dropped the clothes, turned toward the employee, and brandished a box cutter. Owens then walked away, but he was subsequently apprehended and charged. He was convicted of robbery and sentenced to nine years in the Department of Correction. His conviction was affirmed by the Court of Criminal Appeals. In this Court, Owens contends that the robbery conviction is not, as a matter of law, sustainable under Tenn. Code Ann. § 39-13-401 because the violence occurred at the end of the chase--not at the time of the taking. We accepted review, therefore, to determine the temporal relationship between the taking and the use of violence (fear) as they together constitute the offense of robbery as defined in Tenn. Code Ann. § 39-13-401. We hold that the use of violence (fear) must precede or be concomitant or contemporaneous with the taking to constitute robbery under Tenn. Code Ann. § 39-13-401. Applying this rule to the facts of this case, we hold that the evidence is insufficient to support Owens's robbery conviction. There is ample evidence, however, to support a conviction of theft under Tenn. Code Ann. § 39-14-103. Thus, we vacate the robbery conviction and modify the defendant's conviction to theft as defined in Tenn. Code Ann. § 39-14-103; we remand the cause to the trial court for sentencing as appropriate.

**Tenn. R. App. P. 11 Appeal by Permission from the Appellate Court to the Supreme Court; Judgment of the Trial Court Reversed and Modified; Remanded for Resentencing**

BIRCH, J., delivered the opinion of the court, in which ANDERSON, C.J., and DROWOTA and HOLDER, JJ., joined. BARKER, J., not participating.

Robert M. Brannon, Jr., Memphis, Tennessee, for the appellant, David L. Owens.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, and Erik W. Daab, Assistant Attorney General, for the appellee, State of Tennessee.

# OPINION

## I

On January 22, 1996, David L. Owens, the defendant, entered a Dollar General Store, grabbed an article of clothing, and left without making payment. Owens was chased for several blocks by a supervisor and a security guard. When the supervisor closed in, Owens dropped the article of clothing, turned toward the supervisor, brandished a box cutter, and then walked away. He was later apprehended by the security guard and taken into custody. He was subsequently indicted and tried upon a charge of robbery.[1]

Owens was convicted as charged, and the trial judge imposed a sentence of nine years to the Department of Correction. Owens appealed, contending, inter alia, that the evidence adduced at trial was insufficient to sustain a robbery conviction. Finding the evidence sufficient to support the conviction, the Court of Criminal Appeals affirmed the conviction.

We accepted review of this case in order to determine the temporal relationship required between the taking and the act of violence or putting a person in fear as they together constitute the offense of robbery defined in Tenn. Code Ann. § 39-13-401. This is an issue we address for the first time.

After an exhaustive review of the relevant authorities, we adopt the common law rule and hold that the act of violence or of putting a person in fear must precede or be concomitant to or contemporaneous with the taking of property to constitute robbery under Tenn. Code Ann. § 39-13-401. Applying this rule to the facts of this case, we find that there is insufficient evidence to support the robbery conviction. We find, however, ample evidence to support a conviction of theft under Tenn. Code Ann. § 39-14-103. Thus, in reversing Owens's conviction for robbery we modify the trial court's judgment to show a conviction for theft and remand the case to the trial court for resentencing.

## II

Only a brief recitation of the facts is necessary. An employee of Dollar General Store saw Owens take an article of clothing from the store without paying. She alerted A. C. Simmons, the Dollar General Store security guard, and Derrick Mims, a store supervisor. Both Simmons and Mims gave chase on foot. They chased Owens for about a block. At this point, Simmons returned to the store to get his car; Mims continued the pursuit on foot. After several blocks, Owens stopped,

---

[1]Tenn. Code Ann. § 39-13-401 (1997). In Tennessee, "[r]obbery is the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Id. It is a Class C felony. Id. "A person commits theft of property if, with the intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Tenn. Code Ann. § 39-14-103 (1997).

dropped the article of clothing, turned towards Mims, and brandished a box cutter. Owens then walked away, leaving the clothing where it lay. Simmons, who had retrieved his car, returned to the pursuit and apprehended Owens.

A jury convicted Owens of robbery, and the trial judge sentenced him to nine years to the Department of Correction. On appeal to the Court of Criminal Appeals, he contended that the evidence at trial was insufficient to support his conviction. Finding his contention unsupportable, the intermediate appellate court upheld Owens's conviction.

Here, Owens contends that his confrontation with Mims occurred after the taking had occurred; thus, the taking had not been accomplished by violence or fear. He insists, therefore, that this conduct does not constitute robbery under Tenn. Code Ann. § 39-13-401. The State, on the other hand, contends that the act of theft continues for as long as the thief exercises control over the property. The State insists, therefore, that Owens was properly convicted of robbery under Tenn. Code Ann. § 39-13-401 because he used violence or fear while exercising control over the clothing he took from Dollar General Store.

III

As stated, robbery requires a taking of property by violence or by putting the person in fear. Our first question is how closely connected in time must the taking and the violence be? Because this question is one of law, our review is de novo, without a presumption of correctness as to the lower court's conclusions of law. See Myint v. Allstate Ins. Co., 970 S.W.2d 920, 924 (Tenn. 1998); see also Comdata Network, Inc. v. Tennessee Dept. of Rev., 852 S.W.2d 223, 224 (Tenn. 1993).

In Tennessee, a "[r]obbery is the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401 (1997). "A person commits a theft of property if, with the intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Tenn. Code Ann. § 39-14-103 (1997). The element which distinguishes theft from robbery is the use of violence or fear. If an individual uses violence or puts another in fear to obtain or exercise control over another's property, he or she has committed a robbery. Therefore, whether a taking is properly characterized as a theft or a robbery is contingent upon whether and when violence or fear is imposed. State v. Holley, 604 A.2d 772, 775 n.2 (R.I. 1992).

For common law robbery,[2] the force[3] used in the taking of property must "precede or be

_____

[2]The common law generally defined robbery as "'the felonious taking, from the person of another, goods or money of any value, by violence or putting in fear.'" Crews & Crenshaw v. State, 43 Tenn. (3 Cold) 350, 353 (1866).

[3]We recently determined that "'force' and 'violence,' while obviously related, are not synonymous and were not intended to be used interchangeably under our legislative scheme." State v. Fitz, 2000 WL 359621, at *1 (Tenn. Apr. 10, 2000). Violence as used in the offense of robbery pursuant to Tenn. Code Ann. § 39-13-401 is a more severe degree of force and is defined as

concomitant or contemporaneous with the taking.  Violence or intimidation by the thief <u>subsequent to the taking</u> will not render the act robbery." <u>State v. Aldershof</u>, 220 Kan. 798, 800-01, 556 P.2d 371, 373 (1976) (emphasis in original).[4]  The theft of property, therefore, must be the result of the force or fear or must have been facilitated or made less difficult by the violence.  <u>See</u> <u>Register v. State</u>, 232 Miss. 128, 131-33, 97 So.2d 919, 921-22 (1957) (citations omitted).  Force used to retain property already unforcibly taken or force used to escape, however, is not the force essential to satisfy the element of force required for robbery.  <u>Holley</u>, 604 A.2d at 774.  Thus, "'subsequent violence or putting in fear will not make a precedent taking, effected clandestinely, or without either violence or putting in fear, amount to robbery.'"  <u>Register</u>, 232 Miss. at 132, 97 So.2d at 922 (citation omitted).  Several jurisdictions currently adhere to the common law rule.[5]  Moreover, a number of these jurisdictions have statutes similar to our own.[6]

Many jurisdictions, however, have rejected the common law rule in favor of the "continuous offense theory."[7]  These jurisdictions interpret robbery as a continuous offense "that is not complete until the perpetrator reaches a place of temporary safety." <u>Ball</u>, 347 Md. at 185, 699 A.2d at 1184.  Under this theory, "a robbery is committed, not only if the perpetrator uses force or intimidation to 'take' possession of the property, but also if force or intimidation is used to retain possession

---

"evidence of physical force unlawfully exercised so as to damage, injure or abuse."  <u>Id.</u> at *2-*4.

[4]<u>See</u> <u>Mason v. Commonwealth</u>, 200 Va. 253, 255-56, 105 S.E.2d 149, 151 (1958); <u>see also</u> Kristine Cordier Karnezis, Annotation, <u>Use of Force or Intimidation in Retaining Property or in Attempting to Escape, Rather than in Taking Property, as Element of Robbery</u>, 93 A.L.R. 3d 643 (1979 & Supp. 1999); 67 Am. Jur. 2d Robbery § 28 (1985 & Supp. 1999).

[5]<u>See</u>, <u>e.g.</u>, <u>State v. Bateson</u>, 970 P.2d 1000, 1001-05 (Kan. 1998); <u>Coleman v. State</u>, 653 N.E.2d 481, 482 (Ind. 1995); <u>Pritchard v. Commonwealth</u>, 225 Va. 559, 561-62, 303 S.E.2d 911, 912-13 (1983); <u>Mason</u>, 200 Va. at 255-56, 105 S.E.2d at 151; <u>Hicks v. State</u>, 232 Ga. 393, 403, 207 S.E.2d 30, 37 (1974); <u>Dutton v. State</u>, 199 Ga. Ct. App. 750, 406 S.E.2d 85 (1991); <u>State v. Lewis</u>, 116 N.M 849, 851-52, 867 P.2d 1231, 1233-34 (N.M. Ct. App. 1993); Karnezis, <u>Use of Force or Intimidation in Retaining Property or in Attempting to Escape, Rather than in Taking Property, as Element of Robbery</u>, 93 A.L.R. 3d at 647-49; 67 Am. Jur. 2d Robbery § 28.

[6]<u>See</u>, <u>e.g.</u>, Ga. Code Ann. § 16-8-40 (1999); Ind. Code Ann. § 35-42-5-1 (West 1998); Kan. Stat. Ann. § 21-3426 (1995); Miss. Code Ann. § 97-3-73 (1994); N.M. Stat. Ann. § 30-16-2 (Michie 1994).

[7]<u>See</u>, <u>e.g.</u>, <u>Ball v. State</u>, 347 Md. 156, 185-88, 699 A.2d 1170, 1183-85 (1997); <u>State v. Meyers</u>, 620 So.2d 1160, 1162-63 (La. 1993); <u>People v. Webster</u>, 54 Cal.3d 411, 441-42, 814 P.2d 1273, 1288-89 (1991); <u>Commonwealth v. Sheppard</u>, 404 Mass. 774, 778, 537 N.E.2d 583, 585-86 (1989); <u>Commonwealth v. Cashway</u>, 36 Mass. App. Ct. 677, 680-81, 634 N.E.2d 930, 932-33 (1994); <u>People v. Bartowsheski</u>, 661 P.2d 235, 244-45 (Colo. 1983); <u>State v. Bell</u>, 194 Neb. 554, 555-56, 233 N.W.2d 920, 921-22 (1975); <u>People v. Newcomb</u>, 190 Mich. App. 424, 430-31, 476 N.W.2d 749, 752-53 (1991).

immediately after the taking, or to carry away the property, or to facilitate escape." Myers, 620 So.2d at 1163 (citing 4 Charles E. Torcia, Wharton's Criminal Law § 478 (14th ed. 1981)).

Although a majority of jurisdictions have adopted the continuous offense theory, an overwhelming majority have done so with the help of statutes which specifically define robbery to include the use of force to retain property or to escape.[8] For example, under many of these statutory provisions a person commits a robbery if he or she uses force "in the course of committing" a theft. Ky. Rev. Stat. Ann. § 515.030 (Michie 1999).[9] Force is used in the course of committing a theft "if it occurs in an attempt to commit theft or in flight after the attempt or commission." Pa. Cons. Stat. Ann. § 3701 (West 1983) (emphasis added).[10] Other statutory provisions define robbery to include the use of force or fear "either to obtain or retain possession of the property or to prevent or

---

[8]See, e.g., Ala. Code § 13A-8-43 (1994); Alaska Stat. § 11.41.510 (Michie 1998); Ariz. Rev. Stat. Ann. §§ 13-1901 to -1902 (West 1989); Ark. Code Ann. § 5-12-102 (Michie 1997); Conn. Gen. Stat. Ann. § 53a-133 (West 1994); Del. Code Ann. tit. 11, § 831 (Supp. 1998); Fla. Stat. Ann. § 812.13 (West 1994); Haw. Rev. Stat. §§ 708-841 to -842 (1985); Iowa Code Ann. § 711.1 (West 1993); Ky. Rev. Stat. Ann. § 515.030 (Michie 1999); Me. Rev. Stat. Ann. tit. 17-A, § 651 (West 1983); Minn. Stat. Ann. § 609.24 (West 1987); Mont. Code Ann. § 45-5-401 (West 1999); Nev. Rev. Stat. § 200.380 (1999); N.H. Rev. Stat. Ann. § 636.1 (1996); N.J. Stat. Ann. § 2C:15-1 (West 1995); N.Y. Penal Law § 160.00 (McKinney 1999); N.D. Cent. Code § 12.1-22-01 (1997); Ohio Rev. Code Ann. § 2911.02 (Anderson 1999); Okla. Stat. Ann. tit. 21, §§ 791 to 792 (West 1983); Or. Rev. Stat. § 164.395 (1990); Pa. Cons. Stat. Ann. § 3701 (West 1983); S.D. Codified Laws §§ 22-30-1 to -2 (Michie 1998); Tex. Penal Code Ann. § 29.01 to .02 (West 1994); Utah Code Ann. § 76-6-301 (1999); Wash. Rev. Code Ann. § 9A.56.190 (West 1988); Wyo. Stat. Ann. § 6-2-401 (Michie 1999).

[9]See Ala. Code § 13A-8-43 (1994); Alaska Stat. § 11.41.510 (Michie 1998); Ariz. Rev. Stat. Ann. §§ 13-1901 to -1902 (West 1989); Conn. Gen. Stat. Ann. § 53a-133 (West 1994); Del. Code Ann. tit. 11, § 831 (Supp. 1998); Fla. Stat. Ann. § 812.13 (West 1994); Haw. Rev. Stat. §§ 708-841 to -842 (1985); Ky. Rev. Stat. Ann. § 515.030 (Michie 1999); Mont. Code Ann. § 45-5-401 (1999); N.H. Rev. Stat. Ann. § 636.1 (1996); N.J. Stat. Ann. § 2C:15-1 (West 1995); N.Y. Penal Law § 160.00 (McKinney 1999); N.D. Cent. Code § 12.1-22-01 (1997); Or. Rev. Stat. § 164.395 (1990); Pa. Cons. Stat. Ann. § 3701 (West 1983); Tex. Penal Code Ann. § 29.01 to .02 (West 1994); Utah Code Ann. § 76-6-301 (1999); Wyo. Stat. Ann. § 6-2-401 (Michie 1999).

[10]See Ariz. Rev. Stat. Ann. §§ 13-1901 to -1902 (West 1989); Del. Code Ann. tit. 11, § 831 (Supp. 1998); Fla. Stat. Ann. § 812.13 (West 1994); Haw. Rev. Stat. §§ 708-841 to -842 (1985); Mont. Code Ann. § 45-5-401 (1999); N.H. Rev. Stat. Ann. § 636.1 (1996); N.J. Stat. Ann. § 2C:15-1 (West 1995); N.D. Cent. Code § 12.1-22-01 (1997); Tex. Penal Code Ann. § 29.01 to .02 (West 1994); Utah Code Ann. § 76-6-301 (1999); Wyo. Stat. Ann. § 6-2-401 (Michie 1999).

overcome resistance to the taking"[11] or to "assist . . . the [perpetrator's] escape. . . ." Iowa Code Ann. § 711.1 (West 1993).[12]

To determine whether we should adopt the common law rule or the continuous offense theory, we must look to our own robbery statute. In so doing, we are reminded that a "basic rule of statutory construction is to ascertain and give effect to the intention and purpose of the legislature." Carson Creek Vacation Resorts, Inc. v. State Dep't. of Revenue, 865 S.W.2d 1, 2 (Tenn. 1993). In deriving legislative intent and purpose, we must not "unduly restrict [] or expand [] a statute's coverage beyond its intended scope." Worley v. Weigels, Inc., 919 S.W.2d 589, 593 (Tenn. 1996) (quoting Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995)). Rather, we are to ascertain a statute's purpose from the plain and ordinary meaning of its language[13] "without forced or subtle construction that would limit or extend the meaning of the language." Carson Creek Vacation Resorts, Inc., 865 S.W.2d at 2. Moreover, the General Assembly has specifically directed that criminal statutes, such as Tenn. Code Ann. § 39-13-401, be construed "according to the fair import of their terms, including reference to judicial decisions and common law interpretations, to promote justice, and effect the objectives of the criminal code." Tenn. Code Ann. § 39-11-104 (1997). Finally, we emphasize that it is not for the courts to alter or amend a statute,[14] question the statute's reasonableness, or "substitut[e] [our] own policy judgements for those of the legislature." BellSouth Telecomms., Inc. v. Greer, 972 S.W.2d 663, 673 (Tenn. Ct. App. 1997).

Reviewing Tenn. Code Ann. § 39-13-401 in light of these rules of statutory construction, we first note that we are required by the General Assembly to construe the statute by reference to the common law. Such a requirement suggests that the General Assembly intended to codify the

---

[11]S.D. Codified Laws §§ 22-30-1 to -2 (Michie 1998) (emphasis added); See Alaska Stat. § 11.41.510 (Michie 1998); Ariz. Rev. Stat. Ann. §§ 13-1901 to -1902 (West 1989); Conn. Gen. Stat. Ann. § 53a-133 (West 1994); Del. Code Ann. tit. 11, § 831 (Supp. 1998); Me. Rev. Stat. Ann. tit. 17-A, § 651 (West 1983); Nev. Rev. Stat. § 200.380 (1999); N.H. Rev. Stat. Ann. § 636.1 (1996); N.Y. Penal Law § 160.00 (McKinney 1999); Okla. Stat. Ann. tit. 21, §§ 791 to 792 (West 1983); Or. Rev. Stat. § 164.395 (1990); Tex. Penal Code Ann. § 29.01 to .02 (West 1994); Wash. Rev. Code Ann. § 9A.56.190 (West 1988).

[12]See, e.g., Ala. Code § 13A-8-43 (1994); Ariz. Rev. Stat. Ann. §§ 13-1901 to -1902 (West 1989); Ark. Code Ann. § 5-12-102 (Michie 1997); Del. Code Ann. tit. 11, § 831 (Supp. 1998); Fla. Stat. Ann. § 812.13 (West 1994); Haw. Rev. Stat. §§ 708-841 to -842 (1985); Nev. Rev. Stat. § 200.380 (1999); NY Penal Law § 160.00 (McKinney 1999); Ohio Rev. Code Ann. § 2911.02 (Anderson 1999).

[13]See Westland West Community Ass'n v. Knox County, 948 S.W.2d 281, 283 (Tenn. 1997).

[14]See Town of Mount Carmel v. City of Kingsport, 217 Tenn. 298, 306, 397 S.W.2d 379, 382 (1965).

common law definition of robbery.  Indeed, the definition of robbery under Tenn. Code Ann. § 39-13-401 is similar to the common law definition.[15]

We have also compared Tenn. Code Ann. § 39-13-401 to the statutes of other jurisdictions and find that Tenn. Code Ann. § 39-13-401 is substantially similar to the statutes of the jurisdictions which follow the common law rule requiring violence or fear to precede or be contemporaneous with a theft to constitute robbery.[16]  Of particular significance is that, like Tenn Code Ann. § 39-13-401, none of these statutes define robbery to include the use of force in retaining property or in effecting escape.  On the other hand, we have found that the statutes of the overwhelming majority of continuous offense jurisdictions are significantly distinct from Tenn. Code Ann. § 39-13-401.[17] These statutes, unlike Tenn. Code Ann. § 39-13-401, specifically define robbery to include the use of force to retain property or to effect escape.  The exclusion of such language in Tenn. Code Ann. § 39-13-401, and the statute's similarity with the statutes of other jurisdictions applying the common law rule, suggests that the General Assembly intended to require that the use of violence or fear precede or be contemporaneous with the theft to constitute robbery under the statute.  Indeed, robbery is committed in Tennessee only if the "theft of property from the person of another" is accomplished "by violence or putting the person in fear."  Tenn. Code Ann. § 39-13-401 (1997).

Because we are required by the General Assembly to construe Tenn. Code Ann. § 39-13-401 with reference to the common law, and because our robbery statute is substantially similar to statutes in other jurisdictions applying the common law rule, but significantly different from statutes in jurisdictions applying the continuous offense theory, we hereby adopt the common law rule.  Any other interpretation would unduly expand the coverage of the statute and impermissibly extend the

---

[15]Compare Tenn. Code Ann. § 39-13-401 (1997) with supra note 2.

[16]Compare Tenn. Code Ann. § 39-13-401 (1997) with Ga. Code Ann. § 16-8-40 (1999); Ind. Code Ann. § 35-42-5-1 (West 1998); Kan. Stat. Ann. § 21-3426 (1995); Miss. Code Ann. § 97-3-73 (1994); N.M. Stat. Ann. § 30-16-2 (Michie 1994).

[17]Compare Tenn. Code Ann. § 39-13-401 (1997) with Ala. Code § 13A-8-43 (1994); Alaska Stat. § 11.41.510 (Michie 1998); Ariz. Rev. Stat. Ann. §§ 13-1901 to -1902 (West 1989); Ark. Code Ann. § 5-12-102 (Michie 1997); Conn. Gen. Stat. Ann. § 53a-133 (West 1994); Del. Code Ann. tit. 11, § 831 (Supp. 1998); Fla. Stat. Ann. § 812.13 (West 1994); Haw. Rev. Stat. §§ 708-841 to -842 (1985); Iowa Code Ann. § 711.1 (West 1993); Ky. Rev. Stat. Ann. § 515.030 (Michie 1999); Me. Rev. Stat. Ann. tit. 17-A, § 651 (West 1983); Minn. Stat. Ann. § 609.24 (West 1987); Mont. Code Ann. § 45-5-401 (West 1999); Nev. Rev. Stat. § 200.380 (1999); N.H. Rev. Stat. Ann. § 636.1 (1996); N.J. Stat. Ann. § 2C:15-1 (West 1995); N.Y. Penal Law § 160.00 (McKinney 1999); N.D. Cent. Code § 12.1-22-01 (1997); Ohio Rev. Code Ann. § 2911.02 (Anderson 1999); Okla. Stat. Ann. tit. 21, §§ 791 to 792 (West 1983); Or. Rev. Stat. § 164.395 (1990); Pa. Cons. Stat. Ann. § 3701 (West 1983); S.D. Codified Laws §§ 22-30-1 to -02 (Michie 1998); Tex. Penal Code Ann. § 29.01 to .02 (West 1994); Utah Code Ann. § 76-6-301 (1999); Wash. Rev. Code Ann. § 9A.56.190 (West 1988); Wyo. Stat. Ann. § 6-2-401 (Michie 1999).

meaning of its language. While we recognize that a majority of jurisdictions have defined robbery to extend to those situations in which a use of force occurs after a taking of the property, it is up to the General Assembly, not this Court, to promulgate the parameters of the offense. See BellSouth Telecomms., Inc., 972 S.W.2d at 673. We hold, therefore, that the use of violence or fear must precede or be contemporaneous with the taking of property from the person to constitute the offense of robbery under Tenn. Code Ann. § 39-13-401.

Having determined the proper rule of law, we must next determine whether the evidence is sufficient to support Owens's conviction of robbery. In determining evidentiary sufficiency, we ask "whether, after considering the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Hall, 8 S.W.3d 593, 599 (Tenn. 1999). "On appeal, the State is entitled to the strongest legitimate view of the evidence and to all reasonable and legitimate inferences that may be drawn therefrom." Id. Additionally, we recognize that a guilty verdict by a jury, approved by the trial court, "accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the prosecution's theory." State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). A guilty verdict removes the presumption of innocence, replacing it with a presumption of guilt. Id. The defendant has the burden of demonstrating that the evidence is insufficient to support his or her conviction. Id. Questions concerning the credibility of witnesses, the weight and value of evidence, and factual issues raised by the evidence are resolved by the trier of fact. Id. "This Court does not reweigh or reevaluate th[is] evidence." Id.

Here, Owens took an article of clothing from Dollar General Store without paying and fled. After having run for at least five blocks, he stopped, dropped the clothes, turned towards Mims (who had given chase), and brandished a box cutter. This evidence is not sufficient to establish violence or fear preceding or contemporaneous with the taking of property. Indeed, in this case, the use of violence or fear was subsequent to the taking and temporally remote. Accordingly, there is insufficient evidence in the record to support Owens's conviction of robbery. There is, however, ample evidence in the record to support a conviction for theft under Tenn. Code Ann. § 39-14-103. Thus, in reversing Owens's conviction for robbery, we modify the trial court's judgment to show a conviction of theft and remand the case to the trial court for resentencing.

IV

For the reasons articulated above, Owens's conviction for robbery under Tenn. Code Ann. § 39-13-401 is reversed, and the judgment of the trial court is modified to impose a conviction of theft under Tenn. Code Ann. § 39-14-103. The cause is remanded to the trial court for resentencing.

Costs of this appeal are assessed to the State of Tennessee.