IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 10, 2007

## CARL JOHNSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P 26265      Joseph B. Dailey, Judge**

---

**No. W2006-01805-CCA-R3-PC  - Filed November 28, 2007**

---

The Appellant, Carl Johnson, appeals the order of the Shelby County Criminal Court denying his petition for post-conviction relief.  Johnson, who was convicted of especially aggravated robbery, is currently serving a sentence of twenty-five years in the Department of Correction.  Following the affirmance of his conviction on direct appeal, Johnson filed a petition for post-conviction relief alleging numerous instances of ineffective assistance of counsel, which was denied.  On appeal, this court remanded the case for an evidentiary hearing "solely on the petitioner's complaint of the ineffective assistance of counsel regarding lesser-included offense instructions and *Owens*."  Following an evidentiary hearing, during which Johnson challenged only trial counsel's failure to request that aggravated assault be charged as a lesser-included offense of especially aggravated robbery, the post-conviction court again denied relief finding that trial counsel was not ineffective for failing to request the lesser charge.  In the instant appeal, Johnson challenges the denial of relief. Following a review of the record and the law applicable at the time of trial, we find no reversible error and affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Lance Chism, Memphis, Tennessee, for the Appellant, Carl Johnson.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General; and Greg Gilbert, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

The underlying facts of the case, as established on direct appeal and as relevant to this appeal, are as follows:

The defendants[, Carl Johnson and Derrick Sutton,] were each indicted for one count of especially aggravated robbery and one count of criminal attempt to commit first degree murder for the August 30, 1998 robbery and shooting of Anthony Hendrix in Memphis, Tennessee. The evidence presented at their joint trial was that on August 29, 1998, the defendants and two female acquaintances, Treasy Alsobrook and Toshia Rainey, developed a plan to rob the victim when he arrived at Ms. Alsobrook's house later that evening for a date. The evidence further showed that in the early morning hours of August 30, 1998, the defendants executed the plan, robbing the victim as he sat in his car waiting for Ms. Alsobrook and shooting him twice as he fled from the car.

Treasy Alsobrook testified as follows: Early on the afternoon of August 29, 1998, the victim drove by her house, gave her his beeper number, and asked her to meet him later in the day. After the victim left, Ms. Alsobrook's cousin, Toshia Rainey, arrived, and Ms. Alsobrook informed her of her conversation with the victim. Ms. Alsobrook and Ms. Rainey went to Derrick Sutton's house, where they visited with Sutton and [the Appellant]. During the course of that visit, the four developed a plan to rob the victim.

Ms. Alsobrook testified that in accordance with their plan, she telephoned the victim and asked if he would take her out to eat. He agreed, and Ms. Alsobrook and Ms. Rainey returned to Ms. Alsobrook's house to wait for the victim. When the victim arrived around 1:00 a.m., Ms. Alsobrook got into his car, and he began to drive down the street. She asked him to stop, telling him that she wanted to investigate an unfamiliar car in her backyard. He complied, waiting in his car as she got out, walked to her house, checked the backdoor, and then returned. She was about to get back into the victim's car when Sutton, in a show for the victim's benefit, came up behind her, put a gun to her head, grabbed her, and ordered her to sit on the curb with her head down. Sutton then got into the front passenger side of the car, followed by [the Appellant], who got into the backseat. According to Ms. Alsobrook, both defendants were armed with handguns. Ms. Alsobrook heard the defendants ask the victim for money and then heard the victim being hit on the head with a gun. The victim got out of the car and began running, and Ms. Alsobrook heard gunfire. She looked up to see [the Appellant] shooting at the fleeing victim, who stumbled, as if about to fall. Afterward, Sutton laid his gun on her front porch, and the two defendants got into their car parked in her backyard and drove away. Shortly thereafter, the police arrived and arrested her.

. . . .

The victim provided essentially the same account as Ms. Alsobrook regarding his afternoon meeting with Ms. Alsobrook at her house, their subsequent telephone communication, and his arrival at her house for the date. He further testified as

follows: As he waited outside Ms. Alsobrook's house in the early morning hours of August 30, he noticed two men but did not pay them much attention. After Ms. Alsobrook came out of the house and got into his car, he began to drive away but stopped when she told him that she wanted to check a strange car in her backyard. He became uneasy when he saw Ms. Alsobrook peer into a window of her house, rather than at the car in the backyard. He said that he locked the driver's door of his car and decided to drive away when Derrick Sutton suddenly opened the passenger door, held a gun on him, and ordered him to "drop it off."

The victim testified that he pushed the gun away and gave Sutton $690. Sutton took the money and ordered the victim to pull his shirttail over his head and not to look at him. Another man entered the backseat of the car, and Sutton went to the front passenger seat. As Sutton held the gun on the victim and rummaged through the car's glove compartment, the man in the backseat hit the victim in the back of the head three times with a gun, saying "make that call, bitch" and "bitch, you think we're playing with you, don't you?" From his voice, the victim recognized the man in the backseat as [the Appellant,] a man with whom he had gambled and from whom he had recently won a large sum of money.

The victim testified that he jumped out of the car and ran toward a wall. When he jumped on the wall, he heard gunshots, realized he had been shot, and started spitting up blood. He kept going, however, and managed to escape by falling over a fence and running in a zigzag pattern down the street to a neighborhood house, where he waited until an ambulance arrived. The victim testified that he experienced a lot of pain from his two gunshot wounds and that two or three months passed before he was able to resume his normal activities.

. . . .

Phillip Collins, [the Appellant's] cell mate in the Shelby County Jail for four months in 1999, testified as follows: [The Appellant] told him that he had gotten close to seven hundred dollars by robbing the victim. According to Collins, [the Appellant] said that a woman "beeped" the victim to ask him to take her out. When the victim arrived at the woman's house, [the Appellant] sneaked around his car, crept into the backseat, "smacked" the victim's head with a pistol, and demanded money and drugs. [The Appellant] told him that the victim tried to run and that he fired five or six shots at him, from both inside and outside the car, until his nine-millimeter gun jammed. [The Appellant] related that he chased the fleeing victim. [The Appellant] told Collins that the victim fell but got up and jumped a fence to escape.

. . . .

The [Appellant] elected not to testify, and no proof was presented by the defense. . . .

*State v. Carl Johnson and Derrick Sutton*, No. W2000-00278-CCA-R3-CD (Tenn. Crim. App. at Jackson, Apr. 4, 2001). Following a jury trial, the Appellant was convicted of especially aggravated robbery and sentenced, as a Range I, violent offender, to twenty-five years in the Department of Correction.[1] *Id*. The conviction was subsequently affirmed on direct appeal. *Id*.

Thereafter, the Appellant filed a timely petition for post-conviction relief, with his chief complaint being that trial counsel was ineffective. *Carl Johnson v. State*, No. W2003-02760-CCA-R3-PC (Tenn. Crim. App. at Jackson, Jan. 25, 2005). In the petition, the Appellant asserted multiple instances of ineffective assistance of counsel.[2] Specifically, he alleged that trial counsel was ineffective: (1) by failing to request that the trial court instruct the jury on aggravated assault as a lesser-included offense of especially aggravated robbery; and (2) by failing to pursue a judgment of acquittal based upon *State v. Owens*, 20 S.W.3d 634 (Tenn. 2000). *Id*. At the initial post-conviction hearing, the court failed to consider these two allegations, finding that it was "not the place - - the time or place to make these arguments." *Id*. In dismissing the petition, the court noted that the arguments should have been made at trial or recognized by this court on direct appeal. *Id*. On appeal, a panel of this court concluded that the Appellant had not been given a full evidentiary hearing on these issues and remanded the case to the post-conviction court for a hearing limited to those issues. *Id*.

Following remand, an evidentiary hearing was held on July 23, 2005, at which the only witness to testify was trial counsel. Trial counsel acknowledged that he did not request an instruction with regard to aggravated assault as a lesser-included offense of especially aggravated robbery, but he stated he did so because "[i]t was not part of the defense theory."[3] Trial counsel stated that, during the trial, he pursued a two-fold defense theory: (1) challenging the prosecution witnesses' credibility with regard to whether the Appellant was present at the crime scene; and (2) arguing that the completed crime was not especially aggravated robbery but rather aggravated robbery because the victim's injuries did not rise to the level of "serious bodily injury." Trial counsel testified that he did not recall if he was aware, at the time of the Appellant's trial, whether aggravated assault was a lesser-included offense of especially aggravated robbery.

---

[1]The jury deadlocked on the remaining count of criminal attempt to commit first degree murder.

[2]We are constrained to note that the Appellant has failed to include a copy of the petition in the record before us. Thus, our knowledge is limited to that expressed in the prior opinion filed by a panel of this court.

[3]We note that the Appellant has failed to include the jury instructions in the record; he, nonetheless, asks us to take judicial notice of prior appeals. As the question of whether the instruction was given is not in dispute, we elect to review despite the Appellant's failure to prepare a complete record for appeal. This court has held on multiple occasions that it is the Appellant's duty to provide an adequate record for review. Tenn. R. App. P. 24(b). In an appeal where the only issue raised is one regarding the propriety of the jury instructions, it would be most prudent to include the charge in the record.

After hearing the proof presented, the post-conviction court entered an order on July 24, 2006, denying the Appellant's request for relief.

**Analysis**

On appeal, the Appellant raises the single issue of ineffective assistance of counsel. Specifically, he contends that trial counsel was ineffective in failing to request an instruction on aggravated assault as a lesser-included offense of especially aggravated robbery. According to the Appellant, it was ineffective for trial counsel not to request this instruction because the law at the time of trial supported a good faith argument that aggravated assault was a lesser-included offense of especially aggravated robbery and that he was prejudiced by trial counsel's failure to request said instruction.

To succeed on a challenge of ineffective assistance of counsel, the Appellant bears the burden of establishing the allegations set forth in his petition by clear and convincing evidence. T.C.A. § 40-30-110(f) (2006). The Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish (1) deficient performance and (2) prejudice resulting from the deficiency. The petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This deference to the tactical decisions of trial counsel is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

It is unnecessary for a court to address deficiency and prejudice in any particular order, or even to address both if the petitioner makes an insufficient showing on either. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Burns*, 6 S.W.3d 453, 463 (Tenn. 1999) (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *Id*. at 461. "[A] trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). However, *conclusions of law*, are reviewed under a purely *de novo* standard with no presumption that the post-conviction court's findings are correct. *Id*.

The Appellant's trial was held during the week of October 25, 1999. From the record, we glean that the trial court did instruct the jury on aggravated robbery and robbery as lesser-included offenses of especially aggravated robbery. Moreover, there is no indication, and trial counsel concedes, that he did not request that an instruction be given on aggravated assault.

The law in Tennessee is clear that "the issue of lesser included offenses is controlled by the prevailing law at the time of trial . . . ." *Chivous Robinson v. State*, No. E2005-01036-CCA-R3-PC (Tenn. Crim. App. at Knoxville, May 19, 2006) (citing *Wiley v. State*, 183 S.W.3d 317, 328 (Tenn. 2006)). Thus, we must look to the law of lesser-included offenses as it was defined in October 1999, which was set forth in *State v. Trusty*, 919 S.W.2d 305, 310 (Tenn. 1996). *Trusty* held that "an offense qualifies as a lesser included offense only if the elements of the included offense are a subset of the elements of the charged offense and only if the greater offense cannot be committed without also committing the lesser offense." *Trusty*, 919 S.W.2d at 310 (citing *Schmuck v. United States*, 489 U.S. 705, 716, 109 S. Ct. 1443, 1450-51 (1989)). The standard is that "[t]he lesser offense may not require proof of any element not included in the greater offense as charged in the indictment." *Id*. at 311 (interpreting *Howard v. State*, 578 S.W.2d 83, 85 (Tenn. 1979)). Thus, a lesser-included offense need not originate from the same class as the greater offense, as long as the lesser offense is established by proof of the same or less than all the elements required to establish the commission of the offense charged.

The Appellant is correct that under this definition aggravated assault is a lesser-included offense of especially aggravated robbery. Especially aggravated robbery requires the "intentional or knowing theft of property from the person of another by violence or putting the person in fear," and: (1) is accomplished with a deadly weapon; and (2) the victim suffers serious bodily injury. T.C.A. §§ 39-13-401, -403 (1997). Aggravated assault is committed when a person commits an assault by causing bodily injury and: (1) causes serious bodily injury to another; or (2) uses or displays a deadly weapon. T.C.A. §§ 39-13-101, -102 (1997). Clearly, to prove aggravated assault by bodily injury requires proof of no additional elements than those required to prove especially aggravated robbery. The distinguishing element between the two is the theft of property. At the time of trial, two unreported cases by this court had recognized that aggravated assault was a lesser-included offense of aggravated robbery. *See State v. George Brooks*, No. 02C01-9602-CR-00050 (Tenn. Crim. App. at Jackson, May 14, 1997); *see also State v. Vickie R. Herron, et al.*, No. 02C01-9702-CR-00067 (Tenn. Crim. App. at Jackson, Dec. 31, 1998). As noted by the Appellant, it was reasonable to assume that as a lesser-included offense of aggravated robbery, aggravated assault was likewise a lesser-included of especially aggravated robbery. *See State v. Thomas J. Tackett*, No. M1999-02541-CCA-R3-CD (Tenn. Crim. App. at Nashville, June 28, 2001).

Having determined that the offense of aggravated assault was a lesser-included offense, however, does not end our inquiry into whether ineffective assistance of counsel was established by trial counsel's failure to request the charge. Under the law existing at the time, the trial court was not required to instruct the jury on the lesser offense of aggravated assault in every indictment which charged aggravated robbery. In *State v. Langford*, 994 S.W.2d 126 (Tenn. 1999), the Tennessee Supreme Court stated that "[w]hile it is generally error for a trial court not to instruct the jury on all

lesser included offenses, this Court has interpreted this statutory provision [Tenn. Code Ann. § 40-18-110(a))] to mean that a trial court must instruct the jury on all lesser included offenses if the evidence introduced at trial is legally sufficient to support a conviction for the lesser offense." *Langford*, 994 S.W.2d at 128 (citing *State v. Bolden*, 979 S.W.2d 587, 593 (Tenn. 1998)). The court explained that "[f]ailure to instruct is not error where the record is devoid of any evidence permitting an inference of guilt of the lesser offense." *Id*. (citing *State v. Stephenson*, 878 S.W.2d 530, 550 (Tenn. 1994)). Thus, the law was that a trial court had to instruct the jury on the lesser offense only if the trier of fact could rationally find the defendant guilty of the lesser offense and not guilty of the greater offense. *Brooks*, No. 02C01-9602-CR-00050 (citing *James v. State*, 385 S.W.2d 86, 89 (Tenn. 1964)); *see also Trusty*, 919 S.W.2d at 310; *State v. Howard*, 926 S.W.2d 579, 586 (Tenn. Crim. App. 1986). Accordingly, an instruction on a lesser offense was properly refused if the evidence showed that the defendant was either guilty of the greater offense or not guilty of any offense. *Brooks*, No. 02C01-9602-CR-00050 (citing *Howard*, 926 S.W.2d at 585).

According to the Appellant, the instruction in this case was warranted because the evidence presented did not "clearly" show that he was guilty of the greater offense of especially aggravated robbery. His argument is based upon a credibility attack of the State's three primary witnesses, which we note was also made and rejected on direct appeal. It is not the province of this court to review and make credibility determinations of trial witnesses. Rather, it is the jury, as the finder of fact, who bears the burden of making such determinations, and we will not reweigh their decisions on appeal. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990).

The undisputed proof presented at trial established that the Appellant was part of a plan to rob the victim. No proof was presented to establish a second motive for the attack on the victim. *Cf. Brooks*, No. 02C01-9602-CR-00050. The Appellant's theory of defense was two-fold: (1) challenging the credibility of the State's witnesses with regard to whether he was present when the robbery occurred; and (2) disputing that the victim suffered serious bodily injury. As noted, the trial court had a duty to charge on lessers only when the evidence "viewed in the light most favorable to the defendant's theory of the case, would justify a jury verdict in accord with the defendant's theory, and would permit a rational trier of fact to find the defendant guilty of the lesser offense and not guilty of the greater offense." *State v. Elder*, 982 S.W.2d 871, 877 (Tenn. Crim. App. 1998) (citations and footnotes omitted). Nonetheless, regardless of the Appellant's theory of defense, there was simply no evidence presented in this case which would have allowed the jury to rationally convict the Appellant of aggravated assault and acquit him of especially aggravated robbery. Again, the uncontroverted proof established that the assault upon the victim was committed during the perpetration of the planned robbery. Accordingly, we conclude that trial counsel was not deficient in failing to request the instruction on aggravated assault. Moreover, as noted by the State, despite the release of *Burns* prior to the filing of the Appellant's motion for new trial, counsel cannot be found deficient for not pursuing the matter on appeal because no prejudice could be established based upon the undisputed proof of the robbery. *See State v. Henry Hawkins*, No. W2005-00781-CCA-R3-CD (Tenn. Crim. App. at Jackson, June 21, 2006). In other words, any challenge to the jury charge would have lacked merit because, if the jury found the serious bodily injury element of

aggravated assault, no rational juror could have not convicted of especially aggravated robbery. *See State v. Ely*, 48 S.W.3d 710, 725 (Tenn. 2001).

Regardless, even if deficient performance had been established, the Appellant has failed to establish that prejudice resulted from the failure to charge the jury with the lesser-included offense, a decision which is subject to harmless error review. *See State v. Allen*, 69 S.W.3d 181, 189 (Tenn. 2002). In making such a determination, this "court should conduct a thorough examination of the record, including the evidence presented at trial, the defendant's theory of the defense, and the verdict returned by the jury." *Id*. at 191. We must decide "whether a reasonable jury *would* have convicted the defendant on the lesser-included offense instead of the charged offense." *State v. Richmond*, 90 S.W.3d 648, 662 (Tenn. 2002) (emphasis in original). As noted, we cannot conclude that the jury would have so found in this case. Clearly, the jury accepted the motive of robbery as the basis for the crime, as evidenced by the Appellant's conviction of especially aggravated robbery, with rejection of the lesser offenses of aggravated robbery and robbery. *See State v. Williams*, 977 S.W.2d 101, 106 (Tenn. 1998). Thus, the Appellant has failed to establish any resulting prejudice.

## CONCLUSION

Based upon the foregoing, the Shelby County Criminal Court's denial of post-conviction relief is affirmed.

_____
DAVID G. HAYES, JUDGE