# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

Assigned on Briefs August 3, 2010

## STATE OF TENNESSEE v. JONATHAN GREER

**Direct Appeal from the Circuit Court for Fayette County**
**No. 6208     J. Weber McCraw, Judge**

---

**No. W2009-02414-CCA-R3-CD  - Filed November 12, 2010**

---

The defendant, Jonathan Greer, was convicted by a Fayette County jury of robbery, a Class C felony, and sentenced to serve fifteen years in the Department of Correction. On appeal, the defendant has raised the single issue of sufficiency of the evidence. Specifically, he contends that his conviction is precluded by *State v. Owens*, 20 S.W.3d 634, 638 (Tenn. 2000), because the State failed to establish that the taking of the property was contemporaneous with the use of violence or fear. Following review of the record, we affirm the judgment of conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and J.C. MCLIN, JJ., joined.

Clifford K. McGown, Jr., Waverly, Tennessee; Gary F. Antrican, District Public Defender; and Kari I. Weber, Assistant Public Defender, for the appellant, Jonathan Greer.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and Terry D. Dycus, Assistant District Attorney General, for the appellee, Jonathan Greer.

## OPINION

### Facts

At approximately 1:24 a.m., the defendant approached the doors of Wal-Mart in Oakland, Tennessee, with two 32-inch Samsung flat screen televisions in his cart. Shirley Wiggins, who was the cashier at a register near the door, saw the defendant approach. Her supervisor was also standing near the door at the time. According to Ms. Wiggins, the defendant was asked to produce a receipt for the televisions. He first approached the supervisor, but he then backed up the cart and proceeded toward Ms. Wiggins. At that point, Ms. Wiggins was standing in front of the cart and again asked

the defendant to see a receipt. She noticed that the defendant had his hands clinched on the handle of the cart and saw a knife blade protruding from the defendant's hand, although she was unable to determine what kind of knife it was. The defendant began pushing the cart forward in an aggressive manner, and Ms. Wiggins backed out of the store in an attempt to stop him from leaving with the merchandise. The defendant, who was mumbling, came around the cart and moved toward Ms. Wiggins with the knife. Because she was afraid of what the defendant would do, Ms. Wiggins released the cart and allowed the defendant to exit the store with the two televisions.

These events were captured on film and also observed by Dean Nicholson, the overnight assistant manger. Ms. Nicholson came to the front of the store after receiving a call on her walkie-talkie about the incident. She saw Ms. Wiggins attempting to prevent the defendant from leaving the store and saw that the defendant had two televisions in his cart. She did not specifically see the weapon in the defendant's hand, but she witnessed Ms. Wiggins react abruptly at one point and let go of the cart. Ms. Nicholson informed Ms. Wiggins to "[l]et it go. It is not worth it. Just let him go." Ms. Nicholson then called 9-1-1 from her cell phone and observed the defendant run to a green sports utility vehicle (SUV) in the parking lot. She observed that the vehicle was running and that it proceeded out of the parking lot toward Memphis. A short while later, the police returned with the defendant and a woman, and Ms. Wiggins and Ms. Nicholson positively identified the defendant as the man who had taken the televisions from the store.

Sergeant Michael Pittman of the Oakland Police Department was called out in the early morning hours to the intersection of Highway 64 and Cobb Road in Shelby County where Shelby County deputies had detained a man and woman for stealing televisions from Wal-Mart. The suspects had been stopped in a green Dodge Durango. Sergeant Pittman took possession of the televisions and returned them to Wal-Mart while Fayette County deputies transported the suspects back to Wal-Mart for identification. Sergeant Pittman found no weapons when he searched the defendant and the SUV. However, he later found a pocketknife lodged under the seat cushion of the rear passenger side of the patrol car in which the defendant had been riding.

Based upon these events, the defendant was indicted by a Fayette County grand jury for theft of property valued between $1000 and $10,000 and for robbery. Following a jury trial, the defendant was convicted as charged. The trial court subsequently merged the theft conviction into the robbery conviction and sentenced the defendant, as a Range III offender, to fifteen years in the Department of Correction. Following the denial of his motion for new trial, the defendant filed the instant timely appeal.

**Analysis**

On appeal, the defendant has enumerated two issues for review: (1) his conviction for robbery is precluded under *State v. Owens*; and (2) the evidence is insufficient to sustain a conviction. However, a reading of the arguments reveals that the defendant is challenging only the sufficiency of the evidence in relation to the holding in *State v. Owens*, asserting that he "is guilty of the offense of theft rather than of robbery."

In considering the issue of sufficiency of the evidence, we apply the rule that where the sufficiency of the evidence is challenged, the relevant question for the reviewing court is "whether, after viewing the evidence in the light most favorable to the [State], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also* Tenn. R. App. P. 13(e). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). This court will not reweigh or reevaluate the evidence presented. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).

"A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt so that, on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

Robbery is defined as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." T.C.A. § 39-13-401(a) (2006). "A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." T.C.A. § 39-14-103 (2006). Thus, it is the use of violence or fear which elevates theft to robbery. Additionally, our supreme court has adopted the common law rule which requires that the violence or fear precede or be contemporaneous with the taking. *Owens*, 20 S.W.3d at 641. As noted, the defendant is challenging only the "contemporaneous taking" element of the offense.

In *Owens*, the court examined the temporal relationship required between the taking of the property and the use of violence or fear to elevate theft to robbery. In that case, the defendant had taken an article of clothing from a store and left the store without paying for it. When a store employee pursued the defendant for several blocks, the defendant then brandished a box cutter. In *Owens*, the court concluded that the evidence was insufficient for robbery because "the use of violence or fear was subsequent to the taking and temporally remote." *Id*. The defendant in the instant case attempts to liken the facts to those in *Owens* to support his claim that the taking of the televisions was not contemporaneous to the use of violence of fear. He asserts that he had already committed the offense of theft when Ms. Wiggins testified that she saw the blade of a knife.

We disagree and find the defendant's reliance upon *Owens* misplaced. On the record before us, we can reach no other conclusion than that the defendant used the knife, as well as the shopping cart, in an aggressive manner during the actual commission of the offense. The defendant was still inside the store with the merchandise when he pushed the shopping cart at Ms. Wiggins and wielded

-3-

the knife. In fact, it is clear that he used the cart and the knife to facilitate the taking of the merchandise, as he only exited the store with the televisions after he had placed Ms. Wiggins in fear by shoving the cart and brandishing the knife. As such, we must conclude that the use of the cart and the knife to cause fear in Ms. Wiggins was contemporaneous with the taking of the televisions.

As an aside, we again note that the defendant does not contest the sufficiency of any other elements of the crime. However, a review of the evidence in the light most favorable to the State wholly supports the conviction in that it establishes that the defendant took merchandise from Wal-Mart by using a knife, which placed Ms. Wiggins in fear. The defendant is not entitled to relief.

## CONCLUSION

Based upon the foregoing, the judgment of conviction is affirmed.


_____
JOHN EVERETT WILLIAMS, JUDGE