# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### April 1, 2008 Session

## STATE OF TENNESSEE v. JAMES EDGAR WHITE, JR.

**Appeal by Permission from the Court of Criminal Appeals**
**Circuit Court for Dyer County**
**No. C05-438     R. Lee Moore, Judge**

---

**No. W2006-00655-SC-R11-CD - Filed November 13, 2008**

---

We granted the defendant's application for permission to appeal to determine whether the evidence presented at trial was sufficient to establish the identification of marijuana, an essential element of the offense, beyond a reasonable doubt. We conclude that the evidence presented was sufficient to support the jury's conclusion that the substance was marijuana beyond a reasonable doubt. Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 11 Appeal by Permission;**
**Judgment of the Court of Criminal Appeals Affirmed**

JANICE M. HOLDER, C.J., delivered the opinion of the court, in which WILLIAM M. BARKER, CORNELIA A. CLARK, GARY R. WADE, and WILLIAM C. KOCH, JR., JJ., joined.

Patrick R. McGill, Dyersburg, Tennessee, for the appellant, James Edgar White, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; and John H. Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual and Procedural History

On the night of July 2, 2005, Sgt. John Cannon of the Dyer County Sheriff's Department was patrolling the area around Pearl's, a bar in Dyersburg. During his patrol, Sgt. Cannon noticed the defendant, James Edgar White, Jr., operating a vehicle in the bar's parking lot. As Mr. White drove his vehicle from the parking lot onto Highway 211, Sgt. Cannon observed that Mr. White was not wearing his safety belt. Sgt. Cannon followed Mr. White's vehicle for approximately one-quarter of a mile and then conducted a traffic stop.

Sgt. Cannon approached Mr. White's vehicle and asked to see his driver's license. At trial, Sgt. Cannon testified that Mr. White took longer than the average time to locate his driver's license. Sgt. Cannon then noticed a bottle between the driver's seat and the center console. He also smelled an odor of alcohol coming from the car and observed that Mr. White's speech was slurred, his eyes were bloodshot, and he appeared agitated. At that point, Sgt. Cannon asked Mr. White to exit the vehicle and began to question him. Mr. White acknowledged that he had drunk two beers and explained that the bottle was an antique that he carried with him. On request, Mr. White consented to Sgt. Cannon's retrieval of the bottle from the car. Sgt. Cannon inspected the unlabeled bottle, which contained a small amount of liquid that smelled strongly of alcohol. Mr. White then admitted that the bottle contained homemade wine. Sgt. Cannon also conducted two field sobriety tests, including a divided attention test and a finger-to-nose test. Mr. White failed the field sobriety tests at which time Sgt. Cannon placed him under arrest for driving under the influence of an intoxicant.

Sgt. Cannon then searched the vehicle and found what he referred to as "a partially smoked marijuana cigarette" beside the gear shift. Sgt. Cannon asked Mr. White if he knew anything about the alleged marijuana cigarette, and Mr. White responded that he did not. After securing this evidence, Sgt. Cannon transported Mr. White to the Dyer County Sheriff's Department. On arriving at the sheriff's department, Mr. White refused to submit to an intoximeter test.

Mr. White was indicted for driving under the influence of an intoxicant, refusing to submit to a blood alcohol test, and simple possession of a controlled substance. At trial, Sgt. Cannon described the circumstances surrounding the arrest and Mr. White's refusal to submit to the intoximeter test.

Sgt. Cannon also offered testimony concerning the charge of possession of a controlled substance. Before eliciting this testimony, the prosecution attempted to demonstrate that Sgt. Cannon was qualified to identify marijuana. The following colloquy represents the entirety of that effort:

Q: During your academy training and your experience with the sheriff's department, have you developed the ability to detect persons who are under the influence of alcohol or other intoxicating substances?

A: Yes, sir.

Q: Do you also have the ability to recognize and identify marijuana by sight, or smell, or both?

A: Yes, sir.

Regarding the discovery and identification of the marijuana, Sgt. Cannon testified as follows:

As I searched the vehicle, I noticed a piece of a rolled-up cigarette, which, at the time whenever I seen [sic] it, I initially thought that Mr. White might have rolled his own cigarettes. I picked it up, took it back to my vehicle, under a light, and as I rolled it to see what the contents was [sic], I noticed that the contents was [sic] marijuana.

Immediately following this testimony, the prosecution asked Sgt. Cannon to identify the contents of a plastic bag. Sgt. Cannon identified the contents of the bag as "the piece of a smoked marijuana cigarette" that he found in Mr. White's car. The prosecution then moved to have the item introduced into evidence. Despite the defense counsel's failure to object to the admission of the exhibit, the trial judge requested a bench conference. During the bench conference the following colloquy occurred:

THE COURT: Are you going to have someone to testify—did you have an analysis done?

MR. WEBB [Attorney for the Prosecution]: No, sir. This officer is qualified under Tennessee law to testify about marijuana. There's case law on it.

THE COURT: I'm going to have to see it.

MR. WEBB: Yes, sir. Absolutely.

THE COURT: Is that your understanding, too, Mr. McGill [Defense Counsel]?

MR. McGILL: Well, I—it's up to Your Honor whether he's qualified. I will ask that he demonstrate that he's qualified as an expert, to determine whether it's marijuana.

MR. WEBB: He doesn't have to be qualified as an expert. He's an experienced police officer.

THE COURT: Okay. You can mark it at the present time . . . . Mark this for ID purposes only, at the present time. If you show me the authority that you have, then we'll make it an exhibit.

The prosecution concluded its proof without presenting any further evidence identifying the proffered exhibit as marijuana. At the conclusion of the prosecution's proof, the prosecutor requested that the trial court rule on the admissibility of the exhibit and presented the trial court with case law that is unidentified in the record. After reviewing the case law, the trial court admitted the exhibit into evidence. Defense counsel again made no objection to the admission of the exhibit.

Immediately after the admission of the exhibit, defense counsel moved for acquittal on the possession charge. Defense counsel argued that the prosecution had failed to present sufficient

evidence to convict the defendant of possession of a controlled substance because there was insufficient evidence that the exhibit was marijuana. The trial court denied the motion.

After the trial court denied the motion for acquittal, the defense presented its evidence. During the presentation of its case, the defense sought to establish that Mr. White was not intoxicated on the night Sgt. Cannon stopped him. Defense counsel did not present any evidence challenging Sgt. Cannon's testimony that the cigarette found in Mr. White's car contained marijuana. At the conclusion of the trial, the jury convicted Mr. White of simple possession of a controlled substance as well as driving under the influence of an intoxicant and failing to submit to a blood alcohol test.[1]

On appeal, Mr. White argued that the evidence was insufficient to support his convictions for driving under the influence and possession of a controlled substance. Mr. White did not challenge his conviction for failure to submit to a blood alcohol test. The Court of Criminal Appeals rejected Mr. White's arguments regarding both convictions and affirmed the judgment of the trial court. Mr. White then requested this Court's review of his conviction for possession of a controlled substance. We granted review.

## II. Analysis

At the outset, it is important to clarify what is not at issue in this case. We are not required to determine whether Sgt. Cannon's testimony and the marijuana cigarette were properly admitted into evidence. While Mr. White's counsel arguably challenged the admissibility of Sgt. Cannon's testimony on the basis that Sgt. Cannon was not an expert, he did not object to the admission of the marijuana cigarette as a trial exhibit. Nor has counsel argued on appeal that this testimony and exhibit were inadmissible. Therefore these issues have been waived.

The sole issue in this case is whether there is sufficient evidence in the record to support a conviction for the possession of a controlled substance. If the evidence is to be found insufficient, it must be because no reasonable jury could convict based on such evidence, not because the evidence was inadmissible. See State v. Smith, 24 S.W.3d 274, 280 (Tenn. 2000) (holding that "[w]hen a party does not object to the admissibility of evidence . . . the evidence becomes admissible notwithstanding any other Rule of Evidence to the contrary, and the jury may consider that evidence for its 'natural probative effects as if it were in law admissible.'" (quoting State v. Harrington, 627 S.W.2d 345, 348 (Tenn. 1981))).

To determine whether evidence is sufficient to support a conviction, we must examine whether the evidence would allow "any rational trier of fact to find the essential elements of the

---

[1]We express no opinion as to whether Mr. White's indictment or his conviction for failing to submit to a blood alcohol test were in compliance with the procedures required by the Tennessee Implied Consent Law. See Tenn. Code Ann. § 55-10-406 (Supp. 2007). Because Mr. White did not challenge the indictment or the conviction for failing to submit to a blood alcohol test, these issues have been waived.

crime beyond a reasonable doubt." Finch v. State, 226 S.W.3d 307, 318 (Tenn. 2007) (emphasis omitted). As we conduct this examination, we must consider only the evidence introduced by the State, take the strongest legitimate view of that evidence, and make all reasonable inferences favoring the State. Id. at 317. Moreover, a guilty verdict removes the presumption of a defendant's innocence and replaces it with a presumption of guilt. State v. Campbell, 245 S.W.3d 331, 335 (Tenn. 2008). Accordingly, the defendant bears the burden of demonstrating that the evidence was insufficient to support the conviction. Id.

Previously, our Court of Criminal Appeals has held that officer testimony is sufficient to identify marijuana beyond a reasonable doubt when corroborated by field testing. See State v. Anderson, 644 S.W.2d 423, 424 (Tenn. Crim. App. 1982); State v. Hill, 638 S.W.2d 827, 830 (Tenn. Crim. App. 1982). In each of these cases, the officer's identification testimony was also accompanied by evidence that the defendant's arrest took place in the context of a drug deal. The Court of Criminal Appeals has also held that officer testimony is sufficient when corroborated by direct testimony in the form of a confession. See State v. Doelman, 620 S.W.2d 96, 98 (Tenn. Crim. App. 1981) (holding that the evidence was sufficient where several officers testified that the substance was marijuana and the defendants confessed that they were growing marijuana).

Finally, officer testimony has been held sufficient when accompanied by incriminating circumstantial evidence such as the defendant's implicit or explicit admission that the substance was marijuana and the discovery of drug paraphernalia commonly associated with marijuana use. See, e.g., State v. Primm, No. 01C01-9712-CC-00571, 1998 WL 849305, at *2 (Tenn. Crim. App. Dec. 9, 1998); State v. Townsend, No. 01C01-9306-CR-00175, 1994 WL 377142, at *2 (Tenn. Crim. App. July 14, 1994). Sgt. Cannon's testimony is not corroborated by the types of evidence our Court of Criminal Appeals has held to be sufficient. However, when all inferences are drawn in favor of the State, there is sufficient evidence to support a rational jury's finding that the substance was marijuana beyond a reasonable doubt.

Sgt. Cannon testified that he noticed that the partially smoked cigarette contained marijuana while holding it under a light and "roll[ing] it to see what the contents was [sic]." From the remainder of Sgt. Cannon's testimony, the jury could have inferred that Mr. White was under the influence of marijuana. Specifically, Sgt. Cannon testified that he found the "partially smoked marijuana cigarette" beside the gear shift, that Mr. White took longer than the average time to locate his driver's license, that his eyes were bloodshot, and that he appeared agitated. In addition, the jury was afforded the opportunity to view the police video that corroborated Sgt. Cannon's observations.

Mr. White also failed a two-part field sobriety test that included a divided attention test and a finger-to-nose test and then refused to submit to an intoximeter test. The jury was instructed as to the elements of possession of a controlled substance and was then told that it could consider Mr. White's refusal to submit to the intoximeter test in determining his guilt. Defense counsel did not object to this instruction. The jury was therefore free to infer that Mr. White's refusal to submit to the intoximeter test supported a finding that he possessed marijuana. Mr. White has not challenged the jury instruction on appeal.

Finally, Sgt. Cannon inspected the alleged marijuana cigarette a second time at trial and identified it again as "the piece of a smoked marijuana cigarette" that he found in Mr. White's car. The alleged marijuana cigarette was also introduced as an exhibit at that time. Although the far better practice is to conduct a field test or a pre-trial scientific analysis, we conclude that a rational jury could find that the cigarette contained marijuana and that the evidence in this case was sufficient to support Mr. White's conviction for possession of a controlled substance beyond a reasonable doubt.

## III. Conclusion

We hold that the evidence was sufficient to support Mr. White's conviction for possession of a controlled substance. We therefore affirm the judgment of the trial court. It appearing that Mr. White is indigent, costs in this case are assessed against the State of Tennessee.

_____
JANICE M. HOLDER, CHIEF JUSTICE