# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### November 4, 2009 Session Heard at Memphis

## STATE OF TENNESSEE v. KEVIN SWIFT

**Appeal by Permission from the Court of Criminal Appeals, Western Section**
**Criminal Court for Shelby County**
**No. 05-07079    James M. Lammey, Judge**

---

**No. W2007-00673-SC-R11-CD - Filed March 25, 2010**

---

We granted appeal in this case to clarify whether the location of the use of violence or fear is relevant in distinguishing theft from robbery. We hold that the temporal proximity between the taking of property and the use of violence or fear is the sole relevant factor. Applying this analysis to the facts of this case, we conclude that the evidence is insufficient to support the defendant's conviction for aggravated robbery and therefore reverse the judgment of the Court of Criminal Appeals. The evidence, however, supports a conviction for the lesser included offense of aggravated assault. We therefore vacate the defendant's conviction for aggravated robbery, modify the conviction to aggravated assault, and remand this case to the trial court to conduct a new sentencing hearing.

### Tenn. R. App. P. 11 Appeal by Permission;
### Judgment of the Court of Criminal Appeals Reversed

JANICE M. HOLDER, C.J., delivered the opinion of the Court, in which CORNELIA A. CLARK, GARY R. WADE, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

Nathan A. Bicks and C. Farris DeBoard, Memphis, Tennessee, for the appellant, Kevin Swift.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; and J. Ross Dyer, Assistant Attorney General, for the appellee, the State of Tennessee.

# OPINION

## Factual and Procedural History

On October 6, 2005, a Shelby County grand jury indicted the defendant, Kevin Swift, on two counts of aggravated robbery. The indictment resulted from events that occurred on May 27, 2004, at a Best Buy in Memphis, Tennessee. On October 23, 2006, a jury trial was held in the Criminal Court of Shelby County. Included in the evidence presented by the State was the testimony of two Best Buy employees, Todd Czyrnik and Curtis Odom. Mr. Swift presented no evidence.

Mr. Czyrnik was working in an aisle of Best Buy when he saw Mr. Swift, who was holding merchandise, put his hands behind televisions located on a display shelf. When Mr. Swift saw Mr. Czyrnik watching him, Mr. Swift quickly removed his hands, put them into his pants, and walked away. Mr. Czyrnik helped another customer for approximately two minutes while continuing to watch Mr. Swift. Mr. Czyrnik walked to the display shelf where Mr. Swift had been standing and found two empty cases on the shelf that had contained PlayStation games valued at $19.99 each. Mr. Czyrnik testified that Best Buy required its employees to approach a suspected thief at the front door to minimize potential "commotion." Accordingly, Mr. Czyrnik walked to the loss prevention desk located at the front of the store and told Mr. Odom, the loss prevention specialist, that Mr. Swift "just stole two games." Mr. Odom proceeded to locate Mr. Swift on the surveillance cameras.

Approximately two minutes later, Mr. Swift walked toward the store exit. Mr. Odom asked Mr. Swift if he could speak to him, but Mr. Swift did not respond. When Mr. Odom attempted to restrain Mr. Swift, Mr. Swift swung at Mr. Odom, and both store employees reached for Mr. Swift. Mr. Swift swung a second time at Mr. Czyrnik, and the employees noticed that Mr. Swift had a knife in his hand. Both store employees feared for their safety and backed away. Mr. Swift left the store. Mr. Czyrnik and Mr. Odom followed Mr. Swift to the parking lot and observed him leave in a gray Ford Taurus. Neither of the games was ever recovered.[1]

The jury found Mr. Swift guilty on both counts of aggravated robbery. Pursuant to an agreement between the parties, the trial court reduced the second count of aggravated robbery to aggravated assault and sentenced Mr. Swift to nine years on that offense. Mr.

_____

[1] The testimony of Mr. Czyrnik and that of Mr. Odom regarding the events described in this paragraph are not entirely consistent. The surveillance tape depicting these events was shown to the jury, however, and is included in the record on appeal. The recitation of facts in this paragraph is consistent with our review of the videotape.

Swift has not appealed his conviction on the second count of aggravated robbery nor has he appealed the parties' agreement to reduce that conviction to aggravated assault. The trial court sentenced the defendant to eleven years on the first count of aggravated robbery.[2] Mr. Swift appealed his conviction on the first count of aggravated robbery to the Court of Criminal Appeals, which affirmed the judgment of the trial court.

We granted Mr. Swift's application for permission to appeal.

**Analysis**

In Tennessee, "[a] person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent."[3] Tenn. Code Ann. § 39-14-103 (2006). "Robbery is the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401(a) (2006). Robbery becomes aggravated if it is "[a]ccomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon."[4] Tenn. Code Ann. § 39-13-402(a)(1). The use of violence or fear elevates theft to robbery. State v. Bowles, 52 S.W.3d 69, 80 (Tenn. 2001). "If an individual uses violence or puts another in fear to obtain or exercise control over another's property, he or she has committed a robbery. Therefore, whether a taking is properly characterized as a theft or a robbery is contingent upon whether and when violence or fear is imposed." State v. Owens, 20 S.W.3d 634, 638 (Tenn. 2000).

In this case, we must determine whether the evidence is sufficient to support Mr. Swift's conviction for aggravated robbery. Evidence is sufficient to support a finding of guilt in a criminal action if "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" State v. Jackson, 173 S.W.3d 401, 408 (Tenn. 2005)

---

[2] The trial court ordered that Mr. Swift's sentences be served consecutively for an effective sentence of twenty years. Mr. Swift appealed this decision. He also argues on appeal that the trial court erred by applying an enhancement factor at sentencing that was not found by the jury beyond a reasonable doubt. In light of our decision to vacate Mr. Swift's conviction on the first count of aggravated robbery, modify the conviction to aggravated assault, and remand this case to the trial court for a new sentencing hearing, we do not address these issues.

[3] Theft is a Class A misdemeanor if the value of the property is $500 or less. Tenn. Code Ann. § 39-14-105(1) (2006).

[4] Robbery also becomes aggravated if "the victim suffers serious bodily injury." Tenn. Code Ann. § 39-13-402(a)(2) (2006).

(quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)); Tenn. R. App. P. 13(e). In making this determination, we consider only the evidence introduced by the State, take the strongest legitimate view of that evidence, and draw all reasonable inferences in favor of the State. State v. White, 269 S.W.3d 903, 906 (Tenn. 2008). Moreover, because a guilty verdict replaces the defendant's presumption of innocence with a presumption of guilt, the defendant has the burden of demonstrating that the evidence was insufficient to support the conviction. State v. Campbell, 245 S.W.3d 331, 335 (Tenn. 2008); State v. Buggs, 995 S.W.2d 102, 105-06 (Tenn. 1999). Finally, "[q]uestions about the credibility of witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, and this Court does not re-weigh or re-evaluate the evidence." State v. Evans, 108 S.W.3d 231, 236 (Tenn. 2003).

In State v. Owens, we examined the temporal relationship required between the taking of property and the use of violence or fear to elevate theft to robbery. 20 S.W.3d 634. The defendant in Owens took an article of clothing from a store and fled without paying for it. A store employee chased the defendant for several blocks before the defendant dropped the merchandise, turned, and brandished a box cutter. In determining whether the evidence was sufficient to support the charge of robbery, we adopted the common law rule requiring that the violence or fear precede or be contemporaneous with the taking. Id. at 641. We specifically rejected the continuous offense theory under which robbery is defined to extend to situations in which force is used after the taking, such as to retain property or facilitate escape. Id. at 640-41. We concluded in Owens that "the use of violence or fear was subsequent to the taking and temporally remote." Id. at 641. We therefore vacated the defendant's conviction for robbery and modified it to a conviction for theft.

The State argues that this case is distinguishable from Owens because Mr. Swift's use of violence and fear occurred inside rather than outside the store. We disagree. Our analysis in Owens requires us to ascertain whether there is evidence sufficient to elevate theft to robbery without regard to the location of the use of violence or fear. See id. The temporal proximity between the taking of property and the use of violence or fear is the sole relevant factor.

To assess the temporal proximity between the taking and the use of violence or fear, we must ascertain when the taking was complete. The State maintains that the taking was not complete until Mr. Swift attempted to exit the store without paying for the games because Best Buy consents to its customers holding merchandise while they are in the store. Nothing in the record suggests, however, that Mr. Swift had Best Buy's consent to remove the games from their cases and conceal them in his pants. To the contrary, Mr. Czyrnik told Mr. Odom to watch Mr. Swift because he had just stolen two games, and Mr. Czyrnik testified that he and Mr. Odom waited to approach Mr. Swift in an effort to minimize commotion in

-4-

accordance with Best Buy's policy. We therefore conclude that the taking was complete when Mr. Swift removed the games from their cases and concealed them in his pants, evincing his intent to deprive Best Buy of the property. See Tenn. Code Ann. § 39-14-103.[5]

Mr. Swift's use of violence and fear did not precede or occur contemporaneously with the removal and concealment of the games. Mr. Swift walked toward the exit and swung a knife at the Best Buy employees several minutes after the taking was complete. We therefore hold that the evidence is insufficient to support Mr. Swift's conviction for aggravated robbery.

In determining the proper remedy, it is important to note that "sequential jury instructions" were submitted to the jury in this case. See generally State v. Davis, 266 S.W.3d 896, 910 (Tenn. 2008) (expressly approving of sequential jury instructions). With regard to the first count of aggravated robbery, the jury was instructed that it could convict the defendant "of only one of the [following] named offenses," in this order: aggravated robbery, robbery, aggravated assault, assault, and theft. The jury was further instructed that, if the first count of aggravated robbery could not stand, it was to review the lesser included offenses sequentially to determine whether the evidence was sufficient to support any one of those offenses.

We have concluded that the first count of aggravated robbery could not stand because Mr. Swift's use of violence and fear did not occur prior to or contemporaneously with his taking of the games. For the same reason, the offense of robbery cannot stand. The proper remedy, therefore, is a modification of Mr. Swift's aggravated robbery conviction to aggravated assault, the first offense listed in the jury instructions that is supported by the evidence.[6] According to the surveillance tape and the testimony of the Best Buy employees,

_____

[5] Cf. Tenn. Code Ann. § 39-14-146(a)(1)-(2) (2006) (stating that, for purposes of the theft statute, a person commits theft of merchandise "if the person, with the intent to deprive a merchant of the stated price of merchandise, knowingly . . . [c]onceals . . . [r]emoves, takes possession of, or causes the removal of merchandise").

[6] Aggravated assault is a lesser included offense of aggravated robbery. State v. Franklin, 130 S.W.3d 789, 798 (Tenn. Crim. App. 2003). Assault occurs when a person "(1) [i]ntentionally, knowingly or recklessly causes bodily injury to another; (2) Intentionally or knowingly causes another to reasonably fear imminent bodily injury; or (3) Intentionally or knowingly causes physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative." Tenn. Code Ann. § 39-13-101(a)(1)-(3) (2006 & Supp. 2009). Aggravated assault is committed when a person "(1) [i]ntentionally and knowingly commits an assault as defined in § 39-13-101 and: (A) Causes serious bodily injury to another; or (B) Uses or displays a deadly weapon; or (2) Recklessly commits an assault as defined in § 39-13-101(a)(1), and: (A) Causes serious bodily injury to another; or (B) Uses or displays a deadly
(continued...)

as Mr. Swift exited the store he swung a knife first at Mr. Odom and then at Mr. Czyrnik. See State v. Pelayo, 881 S.W.2d 7, 9-10 (Tenn. Crim. App. 1994) ("If a criminal actor displays a deadly weapon . . . to more than one person, that conduct would justify convictions for each victim involved."). Because the evidence is sufficient to support a conviction for the lesser included offense of aggravated assault, we vacate the defendant's conviction for aggravated robbery, modify the conviction to aggravated assault, and remand this case to the trial court to conduct a new sentencing hearing.

## Conclusion

For the reasons articulated above, we vacate the defendant's conviction for aggravated robbery, modify the conviction to aggravated assault, and remand this case to the trial court to conduct a new sentencing hearing. The judgment of the Court of Criminal Appeals therefore is reversed. Costs of this appeal are assessed against the appellee, the State of Tennessee.

_____
JANICE M. HOLDER, CHIEF JUSTICE

---

[6] (...continued)
weapon." Tenn. Code Ann. § 39-13-102(a) (2006 & Supp. 2009). Aggravated assault under Tennessee Code Annotated section 39-13-102(a)(1), (b), or (c) is a Class C felony. Tenn. Code Ann. § 39-13-102(e)(1).