IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 5, 2011

## STATE OF TENNESSEE v. RODGER WATTS

**Direct Appeal from the Criminal Court for Shelby County**
**No. 09-00992      L. Terry Lafferty, Special Judge**

**No. W2010-00705-CCA-R3-CD  - Filed March 31, 2011**

The defendant, Rodger Watts, was convicted by a Shelby County Criminal Court jury of theft of property valued between $10,000 and $60,000, a Class C felony; burglary of a building, a Class D felony; and evading arrest, a Class A misdemeanor.  He was sentenced to nine years for the theft and four years for the burglary, to be served consecutively as a Range II offender, and eleven months and twenty-nine days for the evading arrest, to be served concurrently to the felonies.  On appeal, he challenges the sufficiency of the convicting evidence with regard to his theft conviction.  After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Robert Wilson Jones, District Public Defender; Harry E. Sayle, III, Assistant Public Defender (on appeal); and Russell White, Assistant Public Defender (at trial), for the appellant, Rodger Watts.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; William L. Gibbons, District Attorney General; and Anita Spinetta and Reggie Henderson, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

### FACTS

The defendant was indicted on charges of theft of property valued over $60,000, burglary of a building, and evading arrest after he was caught in a Macy's department store

around 11:45 p.m. on September 30, 2008, breaking into jewelry cases.

At trial, John Benjamin Moore, executive manager of security for Macy's at Oak Court Mall in Memphis, testified that the store security alarm was activated around 11:45 p.m. on September 30, 2008. When he arrived at the store, two Memphis police officers were on location, and the three of them entered the store together. Inside, they saw a person dressed in all black and wearing a mask, "kind of dressed like a ninja," behind the jewelry counter breaking into the jewelry cases. The defendant was holding two "bulging" pillow cases. As he started to run, the defendant dropped the pillowcases. The officers and Moore chased the defendant until they lost him in the furniture department. The defendant was eventually located in the store by the K-9 unit and taken into custody.

After the defendant was apprehended, Moore returned to the jewelry department and found the two pillowcases the defendant had been holding – one near the jewelry case where Moore originally observed the defendant and the other twenty-five to thirty feet away. Moore noted that thirteen jewelry cases had been broken into and the jewelry missing from them. The missing jewelry was found in the pillowcases. Moore went through the pillowcases and itemized the stolen items, ringing up each item at a cash register or scanning with a "scan gun" to determine the retail value of the stolen merchandise. The seventy items of fashion jewelry totaled $12,045.00 and the 311 items of fine jewelry totaled $137,846.00, both before tax, for a combined total of $149,891.00. Moore acknowledged that those totals reflected the retail price and not the wholesale price paid by Macy's. However, he stated that had any of the items been on sale, they would have rung up as such. Moore said that all of the jewelry was recovered and able to be put back out for sale.

Officer Michael Akin with the Memphis Police Department testified that he and his partner were the original responding officers to the scene. Upon arrival, they drove around the perimeter looking for signs of a break-in and then waited for Moore to arrive. Officer Akin testified similarly to Moore regarding their entrance into the store, spotting the defendant, and the subsequent chase.

Officer Randy Sanderson, K-9 handler with the Memphis Police Department, testified that he was called to the Macy's store during the early morning hours of October 1, 2008, to help locate the defendant hiding inside the store. The defendant, dressed in all black and wearing a mask, was quickly discovered concealed in a cabinet in the furniture department.

Officer Norman White with the Memphis Police Department testified that he took custody of the defendant after he was located inside the Macy's store.

Officer Alpha Hinds, a crime scene investigator with the Memphis Police

Department, took various photographs around the interior and exterior of the Macy's store, including photographs of the stolen jewelry. She also collected other evidence found in the store; namely, a cell phone, screwdriver, and work gloves.

Upon the conclusion of the proof, the jury convicted the defendant of theft of property valued between $10,000 and $60,000, as well as burglary of a building and evading arrest.

## ANALYSIS

The defendant challenges the sufficiency of the convicting evidence with regard to his theft conviction, arguing that he did not complete the theft and that the State did not prove the value of the jewelry beyond a reasonable doubt. In considering this issue, we apply the rule that where sufficiency of the convicting evidence is challenged, the relevant question of the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."); State v. Evans, 838 S.W.2d 185, 190-92 (Tenn. 1992); State v. Anderson, 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. See State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Our supreme court stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

Bolin v. State, 219 Tenn. 4, 11, 405 S.W.2d 768, 771 (1966) (citing Carroll v. State, 212 Tenn. 464, 370 S.W.2d 523 (1963)). "A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is

-3-

insufficient." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

To sustain the theft conviction in this case, the State had to prove beyond a reasonable doubt that the defendant, with the intent to deprive the owner of property, knowingly obtained or exercised control over property without the owner's effective consent and that the value of the property was between $10,000 and $60,000. Tenn. Code Ann. §§ 39-14-103, -105(4) (2006).

The defendant first argues that because he dropped the jewelry and fled, the theft was not completed. However, the defendant provided no legal support for this proposition and has therefore waived the issue. See Tenn. Ct. Crim. App. R. 10(b). In any event, the evidence shows that the defendant accomplished the theft when he took possession of the items of jewelry and placed them in the pillowcases, evincing his intent to deprive Macy's of its property. See State v. Swift, 308 S.W.3d 827, 831 (Tenn. 2010) (concluding that theft was complete when defendant removed store's property from its packaging and concealed it on his person; therefore, subsequent use of violence was insufficient to support an aggravated robbery conviction). Simply because the defendant ultimately abandoned the property does not mean that he never exercised control over it.

The defendant also challenges the value of the jewelry. He asserts that because the State only presented proof that the value of the jewelry was $149,891.00 and the jury did not convict him of theft over $60,000, then there was "no evidence upon which to assess the value of the property." Tennessee Code Annotated section 39-11-106 defines "value" as "(i) [t]he fair market value of the property or service at the time and place of the offense; or (ii) [i]f the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the offense[.]" Id. § 39-11-106(a)(36)(A). If the value of the property cannot be ascertained by the aforementioned criteria, the property is deemed to have a value of less than fifty dollars. Id. § 39-11-106(a)(36)(C). The fair market value of property is a question of fact for the jury. See State v. Hamm, 611 S.W.2d 826, 828-29 (Tenn. 1981). "The market value of the article stolen, and not its original cost, is the true criterion when it is necessary to establish the value of the property in order to fix the grade of the offense[.]" Id. at 829.

The record shows that the jury was properly instructed on how to assess the value of the stolen property – that the value of the stolen property was the fair market value at the time of the offense. Macy's employee Moore testified that he rang up all of the 381 stolen items of fashion and fine jewelry at a register and they had a total retail price of $149,891.00, but Moore did not know the wholesale price that Macy's paid for the jewelry. Moore testified that had any of the items been on sale, they would have rung up as such at the register. Based on this testimony, the jury was within its province to conclude that the fair

market value of the jewelry was less than the retail price charged by Macy's and determine that the value was between $10,000 and $60,000. The evidence was sufficient to sustain the defendant's conviction.

## **CONCLUSION**

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____

ALAN E. GLENN, JUDGE