# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs October 29, 2014

## STATE OF TENNESSEE v. MARIO D. TAYLOR

**Appeal from the Criminal Court for Sumner County**
**No. 2011CR45      Dee David Gay, Judge**

---

**No. M2013-02667-CCA-R3-CD - Filed March 31, 2015**

---

**ROBERT H. MONTGOMERY, JR., J., concurring in part, dissenting in part.**

I agree with the majority's conclusions in all aspects relative to the issues raised by the Appellant. I write separately to address the Appellant's dual convictions for aggravated robbery and aggravated assault because I conclude as a matter of plain error that the dual convictions violate double jeopardy principles.

Our supreme court announced our current double jeopardy analysis in *State v. Watkins*, 362 S.W.3d 530 (Tenn. 2012). In *Watkins*, the court abandoned the analysis provided previously in *State v. Denton*, 938 S.W.2d 373 (Tenn. 1996), and adopted the "same elements" analysis delineated by the United States Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Therefore, whether dual convictions violate double jeopardy principles requires a determination of "whether the convictions arise from the same act or transaction." *Watkins*, 362 S.W.3d at 557. If the convictions arise from the same act or transaction, the second inquiry is whether the elements of the offenses are the same or whether one offense is a lesser included offense of the other. *Id*. If the elements are the same or one offense is a lesser included offense of the other, dual convictions violate double jeopardy principles. *Id*. Appellate courts "will presume that multiple convictions are not intended by the General Assembly" when the elements of the offenses are the same or when one offense is a lesser included offense of the other. *Id*.

In the present case, the Appellant was convicted of aggravated robbery in Count 2 of the indictment, which alleged that he "did unlawfully, intentionally, knowingly and violently take a purse and [its] contents from the person of Cathy . . . with the intent to deprive Cathy . . . of said property and without her effective consent, and said act was accomplished by the use of a deadly weapon, to-wit: a gun[.]" *See* T.C.A. §§ 39-13-401(a), 39-13-402(a)(1) (2014). The Appellant was also convicted of aggravated assault in Count 5 of the indictment,

which alleged that he "did unlawfully, intentionally and knowingly cause Cathy . . . to reasonably fear imminent bodily injury by use of a deadly weapon, to-wit: a gun[.]" *See id*. §§ 39-13-101(a)(2), 39-13-102(a)(1)(A)(iii) (2014).

The record reflects that the aggravated robbery and aggravated assault convictions involved the same victim and the same conduct and lasted ten to fifteen minutes inside the victims' home. As a result, the convictions arise from the same act or transaction.

Relative to whether the offenses involve the same elements or lesser included offenses, Tennessee Code Annotated section 40-18-110(f) (2012) states, in relevant part, "An offense is a lesser included offense if all of its statutory elements are included within the statutory elements of the offense charged[.]" In this respect, *State v. Alvin Brewer and Patrick Boyland*, Nos. W2012-02281-CCA-R3-CD, W2012-02282-CCA-R3-CD, 2014 WL 1669807 (Tenn. Crim. App. Apr. 24, 2014), is instructive. Defendant Brewer was convicted of aggravated robbery and aggravated assault involving the same victim. The indictment alleged in the context of aggravated robbery that the defendant committed a robbery by violence or by putting the victim in fear and that the taking was accomplished with a deadly weapon or by displaying an article used to lead the victim to believe reasonably that the article was a deadly weapon. The indictment also alleged relative to aggravated assault that the defendant committed an assault on the victim, used or displayed a deadly weapon, and caused the victim reasonable fear of imminent bodily injury. This court concluded that "[a]s charged in the indictment, aggravated assault is a lesser included offense of aggravated robbery" and that the dual convictions violated double jeopardy principles. *Id.* at *36; *see State v. Franklin*, 130 S.W.3d 789, 798 (Tenn. Crim. App. 2003) (concluding that aggravated assault is a lesser included offense of aggravated robbery when the taking is accomplished by displaying a gun and by causing the victim reasonable fear of imminent bodily injury); *see also State v. Swift*, 308 S.W.3d 827, 832 n.6 (Tenn. 2010) (stating that aggravated assault is a lesser included offense of aggravated robbery).

Similarly, in *State v. Timothy Davale Martin*, No. M2013-00569-CCA-R3-CD, 2014 WL 1102010, at *15 (Tenn. Crim. App. Mar. 20, 2014), *perm. app. denied* (Tenn. Aug. 26, 2014), this court concluded that dual convictions for attempted aggravated robbery and aggravated assault against the same victim violated double jeopardy principles. The court noted that the offenses did not contain the same elements pursuant to *Watkins* and *Blockburger* but concluded that aggravated assault was a lesser included offense of aggravated robbery. *Id*. at *14-15. The indictment alleged the defendant committed an attempted aggravated robbery by intentionally or knowingly attempting to obtain property from the victim by violence or putting the victim in fear with the use of a deadly weapon. Relative to aggravated assault, the indictment alleged that the defendant intentionally or knowingly caused the victim reasonable fear of imminent bodily injury and that the defendant

used or displayed a deadly weapon. This court concluded that pursuant to the wording of the indictment, the "statutory elements of aggravated assault are necessarily included within the elements of attempted aggravated robbery" and that both convictions were based on the use of a deadly weapon against the same victim and the victim's fear of harm. *Id*. at *15. Therefore, the court concluded that the dual convictions violated double jeopardy principles. *Id*.

In the present case, the Appellant was convicted of aggravated robbery by the use of a deadly weapon and of aggravated assault by use of a deadly weapon, and each offense, as indicted, involved the victim's fear of harm. Likewise, the offenses involved the same victim, facts, and circumstances. Therefore, I conclude that the Appellant's dual convictions for aggravated robbery and aggravated assault as charged in the indictment violate principles of double jeopardy. Respectfully, I would remand the case to the trial court for merger of the convictions and for entry of corrected judgments reflecting merger of the aggravated assault conviction with the aggravated robbery conviction. In all other respects, I concur with the majority opinion.

_____
ROBERT H. MONTGOMERY, JR., JUDGE