IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 8, 2025

## DARREL HOCHHALTER v. CHRISTOPHER BRUN, WARDEN

**Appeal from the Circuit Court for Hickman County**
**No. 23-CV-35        Michael E. Spitzer, Judge**

_____

### No. M2024-00140-CCA-R3-HC

_____

The Petitioner, Darrel Hochhalter, who is serving a twenty-two-year sentence for convictions of six counts of sexual battery by an authority figure and one count of rape, appeals from the Hickman County Circuit Court's summary dismissal of his petition for the writ of habeas corpus. He contends on appeal that the habeas corpus court erred in summarily dismissing his petition. We disagree and affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JILL BARTEE AYERS and JOHN W. CAMPBELL, SR., JJ., joined.

Darrel Hochhalter, Only, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; J. Katie Neff, Assistant Attorney General; and Hans Schwendimann, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Petitioner's convictions resulted from his sexual abuse of a family member. He was convicted by a Davidson County Criminal Court jury. This court affirmed the convictions. *State v. Darrel Dean Hochhalter*, No. M2014-01106-CCA-R3-CD, 2015 WL 4556917, at *1 (Tenn. Crim. App. July 29, 2015), *perm. app. denied* (Tenn. Oct. 15, 2015). Post-conviction relief was denied, and we affirmed. *Darrell Dean Hochhalter v. State*, No. M2018-00243-CCA-R3-PC, 2019 WL 3565102 (Tenn. Crim. App. Aug. 6, 2019), *perm. app. denied* (Tenn. Dec. 5, 2019). The Petitioner states in his petition that he has filed a previous state habeas corpus petition, and he attached a copy of a petition addressed to the Hickman County Circuit Court which does not bear a file stamp. This court has no record

of an appeal in such case. The Petitioner has also pursued habeas corpus relief in the federal courts. *Darrell Hochhalter v. Warden Kevin Genovese*, No. 3:19-01112, 2020 WL 6460415 (M.D. Tenn. Nov. 3, 2020) (mem.), *cert. of appealability denied* (M.D. Tenn. Jan. 27, 2021) (mem.), *cert. of appealability denied sub nom Darrell Hochhalter v. Tony Parker*, No. 20-6340, 2021 WL 4839302 (6th Cir. June 14, 2021), *cert. denied sub nom Hochhalter v. Clendenion*, --- U.S. ---, 142 S. Ct. 410 (2021) (mem.).

In the current petition for the writ of habeas corpus filed in the Hickman County Circuit Court, the Petitioner alleges that his convictions are void because the trial court erred by admitting evidence during the trial. Specifically, he argues that the court erred in admitting the victim's forensic interview. In the appeal of his convictions, this court held that the trial court did not err in admitting the evidence. *See Darrel Dean Hochhalter*, 2015 WL 4556917, at *12-13. Nevertheless, he argues in this habeas corpus action that, by virtue of the trial court's having made this alleged error, it deprived him of his right to due process and a fair trial, resulting in the court's losing jurisdiction, and thereby rendering his convictions and sentences void.

The Petitioner contends that the habeas corpus court erred in summarily dismissing his petition. The State responds that this appeal should be dismissed because the notice of appeal was untimely. Alternatively, the State urges this court to affirm the habeas corpus court's dismissal of the petition because the petition failed to state a colorable claim and did not comply with the statutory requirements for habeas corpus petitions.

We begin our analysis with the State's argument that the appeal should be dismissed. A notice of appeal shall be filed within thirty days after entry of the judgment from which the appeal is taken. T.R.A.P. 4(a). In criminal cases, the timely filing of a notice of appeal is not jurisdictional and may be waived in the interest of justice. *Id.* "'In determining whether waiver is appropriate, this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case.'" *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) (quoting *State v. Markettus L. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005)).

In the present case, the habeas corpus court's order dismissing the petition was filed on December 1, 2023. The notice of appeal was mailed from the prison where the Petitioner was incarcerated on January 4, 2024, and was filed by the clerk of the appellate courts on January 18. Thirty days from December 1, 2023 was December 31, 2023. This court takes judicial notice of the fact that January 1, 2024, was observed as an official holiday by the State of Tennessee. *See* Tenn. R. Evid. 201(b), (c). Likewise, this court takes judicial notice of the fact that December 30 and 31, 2023, fell on Saturday and Sunday, respectively. *See id.* Under these facts and rules, January 2, 2024, was the

deadline for the Petitioner to file his notice of appeal. *See* T.R.A.P. 21(a). However, because the Petitioner was incarcerated and was proceeding pro se, the so-called "prison mailbox rule" must be considered. This rule allows any filing delivered to the appropriate prison official for mailing by the deadline to be treated as having been timely filed, notwithstanding that the clerk of the court did not receive it until after the deadline. *See* Tenn. R. Crim. P. 49(d). Thus, in order for the Petitioner's notice of appeal to be considered timely, he had until January 2, 2024, to deliver it to the appropriate prison authorities. His notice of appeal delivered to the prison mailroom on January 4 was untimely.

The Petitioner responds to the State's timeliness argument with allegations that he was not promptly notified of the habeas corpus court's dismissal of his petition and that he was further limited in his ability to file a timely notice of appeal by limited prison library and mailroom operations due to the Christmas holiday. To support his allegations, he points to the record, which contains an envelope addressed to him from the clerk of the habeas corpus court. The envelope was postmarked on December 18, 2023, and was stamped as having been received in the prison mailroom on December 21, 2023. The record also contains a pleading titled "Notice of Intent to Appeal," which was filed with the clerk of the appellate courts on January 18, 2024, and also in the habeas corpus court on January 31, 2024. In this pleading, the Petitioner acknowledged that the court's dismissal order had been filed on December 1, 2023, and he attached the envelope which reflected a December 18 postmark and a December 21 mailroom receipt stamp. He stated that this envelope had been the one in which he had received the court's dismissal order, although he did not specify the date upon which he received the order. The Petitioner argues in his appellate brief:

> Anything the petitioner would have wanted to mail out would have been prevented because of the holidays involved. The Christmas holiday effectively eliminated the week between receiving the notice of dismissal and the notice for appeal being mailed. Save one day for the petitioner to compose and send the notice. The availability of the means (the library computer and the mailroom staff) effect [sic] the dates that documents can be sent.

Mindful of these factual assertions, we must resolve the question of whether the interest of justice requires us to waive the timely filing of the notice of appeal. *See* T.R.A.P. 4(a). Upon consideration of "'the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case,'" we conclude that the interest of justice is better served by waiver of the timely filing of the notice of appeal. *See Rockwell*, 280 S.W.3d at 214 (quoting *Markettus L. Broyld*, 2005 WL 3543415, at *1). The nature of the issue presented, whether the habeas

- 3 -

corpus court erred in summarily dismissing the Petitioner's claim, is important to resolve because if the court erred, the Petitioner was denied consideration on the merits of his claim that his convictions are void. *See id.* The reasons for and length of the delay also weigh in the Petitioner's favor. *See id.* The delay was brief and was occasioned by the order's not having been sent to the Petitioner upon its filing and the alleged limited operations of prison library and mailroom services due to the Christmas holiday. Finally, the Petitioner has not urged us to consider "any other relevant factors," and none are apparent. *See id.* The timely filing of the notice of appeal is waived in the interest of justice.

We turn to the question of whether the habeas corpus court erred in summarily dismissing the petition. Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101 (2018); *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 161 (Tenn. 1993); *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Post-conviction relief, not habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments. *See* T.C.A. § 40-30-103 (2018); *Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109 (2012). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

The habeas corpus court dismissed the petition because the Petitioner "failed to state a colorable claim for relief and his judgments [were] not illegally void." As we have stated, the petition alleged that, because the trial court allegedly erred in admitting evidence, the court was deprived of jurisdiction and violated the Petitioner's rights to due process and a fair trial, thereby rendering the convictions void. In the Petitioner's appeal of his convictions, this court held that the trial court did not err in admitting the evidence in question. *See Darrel Dean Hochhalter*, 2015 WL 4556917, at *12-13. Apparently dissatisfied with our ruling in the previous appeal, the Petitioner has recast his evidentiary issue in ostensible habeas corpus terms in an attempt to relitigate the issue. However, the

- 4 -

Petitioner's effort to reclothe the emperor is unavailing. The evidentiary issue has been previously determined. *See Long v. State*, 510 S.W.2d 84, 87 (Tenn. Crim. App. 1974) ("It is fundamental that habeas corpus and post-conviction proceedings may not be employed to raise and relitigate or review questions decided and disposed of in a direct appeal."). Furthermore, allegations of evidentiary error during the trial, if true, would render the convictions voidable, not void. *Darryl Madden v. State*, No. M2008-01630-CCA-R3-HC, 2009 WL 1684609, at *2 (Tenn. Crim. App. June 17, 2009), *perm. app. denied* (Tenn. Sept. 28, 2009). Similarly, allegations of constitutional shortcomings in the conviction proceedings render a judgment voidable, not void. *See Hickman v. State*, 153 S.W.3d 16, 19-20 (Tenn. 2004); *Trevon Scott Barcus v. State*, No. E2019-02206-CCA-R3-HC, 2020 WL 5667489, at *2-3 (Tenn. Crim. App. Sept. 24, 2020). Insofar as the Petitioner has alleged that the trial court lost jurisdiction by ruling erroneously on an evidentiary question, we are unaware of any authority to support the proposition that a trial court loses jurisdiction by erroneously admitting evidence. Absent legal authority to support a divestiture of jurisdiction, his claim that the trial court erred in its evidentiary ruling fails to support a conclusion that the judgments are void. The Petitioner failed to state a cognizable claim for relief, and the habeas corpus court did not err in dismissing the petition on this basis.

The State also argues that the habeas corpus court's dismissal was proper because the Petitioner failed to comply with the statutory requirements for habeas corpus petitions. The court did not recite this as an alternative or additional basis to support its dismissal. The petition stated that the Petitioner had filed a previous petition for the writ of habeas corpus. The habeas corpus statute requires that, if a previous petition has been filed, "a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do." T.C.A. § 29-21-107(b)(4); *see Summers*, 212 S.W.3d at 261 (providing that a habeas corpus court may summarily dismiss a petition for failure to attach the relevant documents from the underlying proceedings). The Petitioner attached a copy of an undated and unfiled petition, which bears the same case number as the case number the Petitioner identified as his previous habeas corpus filing. Although the Petitioner stated in the current petition that the prior petition was dismissed, no dismissal order appears in the record. We note, however, that other documents filed by the pro se Petitioner reflect that he may have experienced some challenges in obtaining documents he had deemed necessary to pursue the present habeas corpus petition. He alleges in his brief that documents he mailed to the habeas corpus court clerk for filing with the petition have been omitted from the appellate record. Given that an independent basis to support the habeas corpus court's dismissal of the current petition exists and the fact that the court did not base its dismissal on the absence of "a copy of the . . . proceedings thereon" related to the prior petition, we decline the State's urging to rely upon this as an alternative basis supporting the habeas corpus court's dismissal.

Finally, we address the Petitioner's allegations in his brief that the habeas corpus court erred because it (1) failed to rule on several motions he filed, (2) dismissed the petition before he filed his response to the State's motion to dismiss, and (3) dismissed his petition without a hearing. Given the Petitioner's failure to state a cognizable claim for habeas corpus relief, we conclude that the habeas corpus court did not abuse its discretion in dismissing the petition without addressing the motions and without awaiting a response to the motion to dismiss. We note, as well, that two of the motions filed in the habeas corpus court about which he complains that the court did not rule – the motion to proceed in forma pauperis and the motion for appointment of counsel – were later filed in this court and have been ruled upon. Regarding his complaint that the court did not conduct a hearing before dismissing the petition, we remind the petitioner that habeas corpus relief is limited to consideration of that which appears upon the face of the judgment or the record. *See Archer*, 851 S.W.2d at 161. A hearing for consideration of extrinsic evidence is not contemplated in habeas corpus actions. *Richie*, 20 S.W.3d 634.

In consideration of the foregoing and the record as a whole, the judgment of the habeas corpus court is affirmed.

**s/ Robert H. Montgomery, Jr.**
ROBERT H. MONTGOMERY, JR., JUDGE